IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARACUS COPES<br>10662 Green Mountain Circle<br>Columbia, Maryland 21044 | * | |
| | * | |
| *Plaintiff,* | * | Case No.: _____ |
| v. | * | |
| THE JOHNS HOPKINS UNIVERSITY<br>APPLIED PHYSICS LABORATORY, LLC<br>11100 Johns Hopkins Road<br>Laurel, Maryland 20723 | *<br>*<br>* | |
| SERVE ON: RESIDENT AGENT<br>Paul L. Oostburg Sanz<br>11100 Johns Hopkins Road<br>MS 7-127<br>Laurel, Maryland 20723 | *<br>*<br>* | **JURY TRIAL DEMAND** |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

NOW COMES Plaintiff Jaracus Copes (hereinafter "Plaintiff"), by and through counsel, Tiffani S. Collins, Esquire and Collins Legal Group, LLC and hereby files this Complaint for damages against Defendant The Johns Hopkins University Applied Physics Lab, LLC (hereinafter "Defendant") and in support thereof alleges:

**NATURE OF THE CASE**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief, to redress Defendant's unlawful employment practices against Plaintiff, wherein Plaintiff was subjected to discrimination on the basis of his race, including a hostile work environment on the basis of race, and retaliation and constructive discharge as a result of a protected activity.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

1

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.*, as amended by the Civil Rights Act of 1991, at 42 U.S.C. §1981(a) ("Title VII") and the Maryland Fair Employment Practices Act, *et seq.*

## JURISDICTION AND VENUE

3. This court has jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§1331 and 1343(a).

4. The venue in this court is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events and or omission giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

5. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to his Section 1981 discrimination claim.

6. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

7. On May 30, 2023, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.  See Exhibit A.

## PARTIES

8. At all times relevant herein, Plaintiff is and was a resident of Howard County, Maryland and was employed by the Defendant as an "employee" within the meaning of applicable law.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

9. Defendant is a limited liability company registered in Maryland with a principal place of business in Howard County, Maryland.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

Plaintiff fully incorporates and asserts the allegations contained in the previous paragraphs as if fully restated herein.

10. Plaintiff, Dr. Jaracus Copes, is an African American man and former employee of the Defendant.

11. Plaintiff was employed by Defendant from January 2017 until he was constructively discharged in January of 2021.

12. Plaintiff was hired by Defendant for the position of Senior Professional I/ Instructional Designer of Defendant's Science, Technology, Engineering, and Math Academy (hereinafter "Defendant's STEM Academy"), Math Mentor Program and Artificial Intelligence Program located in Howard County, Maryland.

13. As an Instructional Designer, Plaintiff was responsible for writing the curriculum for Defendant's STEM Academy, training instructors, selecting students, and managing the program.

14. Plaintiff's direct supervisor was Dwight Carr (hereinafter "Mr. Carr"; a black male), who acted as an employee, agent, and representative of Defendant in his supervision of Plaintiff.

15. Defendant's Talent Acquisition Supervisor, Denise Hockensmith (hereinafter "Ms. Hockensmith"; a white female), was Mr. Carr's direct supervisor.

16. In his position, Mr. Carr had the power to hire, fire, prevent firings, and determine wages/pay.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

17. Other than Mr. Carr, Plaintiff was Defendant's only black employee in a Senior Professional role.

18. Over the course of his employment, Plaintiff's workload, job duties, assignments, and responsibilities, and expectations were significantly greater than his non-African-American colleagues.

19. Plaintiff frequently and repeatedly informed Mr. Carr about his imbalanced and unfair workload and sought assistance regarding these issues.

20. Mr. Carr was unwilling and unable to provide Plaintiff with the requested assistance.

21. Nevertheless, Plaintiff's non-African-American colleagues with less duties, assignments, responsibilities, or expectations received administrative assistance and additional resources that were not offered or provided to Plaintiff, despite Plaintiff's requests for such assistance and resources.

22. In spite of these challenges, Plaintiff successfully performed his duties over the entire course of his employment, and his Records of Achievement and Accomplishments were reviewed, signed and acknowledged by Defendant annually from 2017-2020.

23. Plaintiff also received annual salary increases from Defendant, over the course of his employment.

24. Multiple times throughout his employment, Plaintiff advised Mr. Carr that he was interested in being promoted to the position of Senior Professional II.

25. Defendant routinely promoted employees from the position of Senior Professional I to the position of Senior Professional II, upon the recommendation of the employee's direct supervisor, without requiring employees to apply for such vacancies.

26. In 2019, Plaintiff was denied a promotion to the position of Senior Professional II.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

27. On or about March 9, 2020, Plaintiff met with Mr. Carr, about Plaintiff's potential promotion to Senior Professional II, at which time Plaintiff again advised Mr. Carr that promotion to Senior Professional II was important to him.

28. In September 2020, Mr. Carr and Ms. Hockensmith met to discuss the potential promotion of employees, including Plaintiff, to the position of Senior Professional II.

29. However, rather than promoting Plaintiff, on October 20, 2020, Defendant met with Plaintiff to discuss his alleged performance issues and advised Plaintiff that he was not being promoted to Senior Professional II.

30. During the meeting with Ms. Hockensmith, Mr. Carr personally attacked Plaintiff's leadership and management.

31. Mr. Carr admonished Plaintiff and expressed that he was not an effective leader because he allegedly was not communicating with the parents of students of Defendant's STEM Academy and missed deadlines.

32. Plaintiff explained to Mr. Carr that he had communicated with the parents of students of Defendant's STEM Academy and had not missed deadlines, however, upon learning this information, Mr. Carr dismissed Plaintiff's explanation.

33. In November 2020, Plaintiff advised Ms. Hockensmith that Mr. Carr spoke to him in a demeaning manner on numerous occasions, creating a hostile work environment.

34. Plaintiff respectfully requested that Mr. Carr extend the same professional courtesy given to Plaintiff's white colleagues about presumed issues in their respective positions/departments.  Defendant was unresponsive to Plaintiff's request.

35. Ms. Hockensmith then advised Plaintiff to contact Defendant's Equal Employment Opportunity ("EEO") officer to address his hostile work environment claims.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

36. Subsequently in December 2020, Defendant issued Plaintiff a fabricated Individual Improvement Plan, reiterating to Plaintiff that he would not be promoted to Senior Professional II, denying Plaintiff the recommendation necessary for routine promotion to the position.

37. In December 2020, Plaintiff raised his hostile work environment claims with Defendant's EEO officer.

38. After reporting the harassment and discrimination, Mr. Carr retaliated by escalating his discriminatory and harassing acts toward Plaintiff.

39. In or around 2021, Defendant promoted Jason Cartwright, a white male with less qualifications, experience, responsibilities, or duties, to the position of Senior Professional II.

40. On January 29, 2021, after no improvement in Defendant's disparate treatment of Plaintiff, Plaintiff was forced to submit his Notice of Voluntary Termination; at this time, Plaintiff also submitted his formal Complaint of Discrimination to Defendant's EEO Office for discrimination and hostile work environment on the part of Mr. Carr.

41. Plaintiff was replaced by Christina Romano, a less qualified, white female.

42. While working for Defendant, Plaintiff was subjected to disproportionate scrutiny of his work, and discriminatory standards and expectations by Mr. Carr.

43. Defendants' conduct undermined Plaintiff's leadership and hindered his ability to effectively manage Defendant's STEM Academy, thus subjecting him to unfavorable terms and working conditions.

44. This disparate treatment, harassment and discrimination by Defendant was frequent and unrelenting.

45. Plaintiff was frequently singled out by Mr. Carr and subjected to higher expectations than his white coworkers in comparable positions.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

46. Throughout his employment, Plaintiff's work product and job performance were unjustly overly scrutinized and demeaned by Defendant.

47. Plaintiff was often publicly criticized and spoken to in demeaning and unprofessional tones by Mr. Carr.

48. Defendant's white employees were not subjected to such acts.

49. Mr. Carr continuously created a hostile environment, retaliated, and exercised discriminatory harassment against Plaintiff.

50. Mr. Carr's conduct was intentionally designed to harass/retaliate against Plaintiff and cause his peers to lose respect for his position as a leader within Defendant's STEM Academy.

51. Through constant harassment, Defendant, its employees, agents and or representatives repeatedly subjected Plaintiff to race based discrimination and created a hostile work environment for Plaintiff.

52. This discrimination included unwarranted disciplinary actions, harassment, and public berating in front of coworkers.

53. Furthermore, Plaintiff's colleague, Mr. Cartwright (a white male), was not subjected to the aforementioned discriminatory and retaliatory acts and received support and resources that were with withheld from Plaintiff, and was promoted to Senior Professional II, in spite of being less qualified and less experienced than Plaintiff.

54. Defendant's reasons for issuing the Individual Improvement Plan to Plaintiff were pretextual.

55. Plaintiff received a disciplinary action and was denied a promotion to Senior Professional II in retaliation for his discrimination complaints.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

56. As a result of the discrimination, harassment, retaliation and constructive discharge, Plaintiff has suffered severe physical, psychological and emotional injuries and incurred significant monetary losses.

## COUNT I: RACE DISCRIMINATION
### (Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981)

Plaintiff fully incorporates and asserts the allegations contained in the previous paragraphs as if fully restated herein.

57. Plaintiff is African American and, thus, a member of a protected class.

58. Plaintiff was denied a promotion and constructively discharged from his job and, thus, suffered an adverse employment action.

59. At the time of the adverse employment action, Plaintiff was performing his job duties satisfactorily.

60. Plaintiff was treated differently than non-African American employees outside of the protected class.

61. Plaintiff was the sole African American/Black male in a Senior Professional I/ Instructional Designer position at Defendant's Academy and his race was a motivating factor in Defendant's unfair treatment and constructive discharge.

62. Very shortly after Plaintiff's constructive discharge, another employee that is not a member of the protected class was promoted by Defendant.

63. Defendant filled the vacancy created by Plaintiff's constructive discharge by hiring a person who is not a member of the protected class.

64. Defendant's decision to discharge Plaintiff was based solely on Plaintiff's race and for retaliation.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

65. Defendant's unlawful and discriminatory conduct in violation of Title VII was willful and malicious, was intended to injure Plaintiff, and was done with conscious disregard for Plaintiff's civil rights, entitling Plaintiff to an award of back pay for lost time from employment, compensatory damages, and punitive damages.

## COUNT II: RACE DISCRIMINATION
### (Violation of Maryland Fair Employment Practices Act)

Plaintiff fully incorporates and asserts the allegations contained in the previous paragraphs as if fully restated herein.

66. Defendant has discriminated against Plaintiff in violation of the Maryland Fair Employment Practices Act by subjecting him to discrimination, harassment, and disparate treatment because of his race.

67. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the Maryland Fair Employment Practices Act, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

68. Defendant's unlawful discriminatory conduct constitutes a willful and wanton violation of the Maryland Fair Employment Practices Act, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT III: RETALIATION
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981)

Plaintiff fully incorporates and asserts the allegations contained in the previous paragraphs as if fully set forth herein.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

69. Defendant has violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Mr. Carr's harassment, discriminatory comments and treatment based on her race and color.

70. As a direct and proximate result of Defendant's harassment, discrimination and unlawful treatment, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

72. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### COUNT IV: RETALIATION
### (Violation of the Maryland Fair Employment Practices Act)

Plaintiff fully incorporates and asserts the allegations contained in the previous paragraphs as if fully set forth herein.

73. Defendant has violated the Maryland Fair Employment Practices Act by subjecting Plaintiff to retaliation for his protected complaints and opposition to Mr. Carr's harassment and discriminatory treatment based on his race.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

74. As a direct and proximate result of Defendant's harassment, discrimination and unlawful treatment, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

75. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the Maryland Fair Employment Practices Act, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

76. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of the Maryland Fair Employment Practices Act, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States of America and the State of Maryland;

B. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated;

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

   C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

   D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

   E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

   F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

   G. An award of punitive damages;

   H. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

   I. Such other and further relief as the Court may deem just and proper.

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

12

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages state herein.

Dated: August 23, 2023

                                              Respectfully submitted,
                                              COLLINS LEGAL GROUP, LLC

                                              _____
                                              Tiffani S. Collins, Esquire
                                              Bar No.: 29274
                                              1122 Kenilworth Drive, Suite 507
                                              Towson, Maryland 21204
                                              O: (410) 462-4529
                                              F: (410) 995-7200
                                              tiffani@tcollinslaw.com
                                              *Counsel for Plaintiff*

COLLINS LEGAL GROUP
1122 Kenilworth Dr.
Suite 507
Towson, MD 21204
O: (410) 462-4529
F: (410) 995-7200

13

Case 1:23-cv-02306-RDB   Document 1   Filed 08/23/23   Page 14 of 15

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Mr. Jaracus Copes<br>10662 Green Mountain Circle<br>Columbia, MD 21044 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

| EEOC Charge No.<br>531-2021-02265 | EEOC Representative<br>**Damon Johnson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>(267) 589-9722 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

  More than 180 days have passed since the filing of this charge.

  The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

Please retain this notice for your records.

On behalf of the Commission

Digitally Signed By: Karen McDonough
05/30/2023

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:   **For Respondent**
      Jessica D Fegan
      Senior Associate General Counsel
      Johns Hopkins University Applied Physics Laboratory
      11100 Johns Hopkins Rd
      Laurel, MD 20723



Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*