IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JARACUS COPES, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2306 |
| THE JOHNS HOPKINS UNIVERSITY APPLIED PHYSICS LABORATORY, LLC, | * * | |
| *Defendant*. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Plaintiff Jaracus Copes brings this four-count complaint against his former employer, Defendant Johns Hopkins University Applied Physics Laboratory, LLC ("APL"). His four counts are as follows: race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 (Count I), race discrimination under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 ("MFEPA") (Count II), retaliation under Title VII and § 1981 (Count III), and retaliation under MFEPA (Count IV).[1] Presently pending is APL's Motion to Dismiss (ECF No. 12). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, APL's Motion to Dismiss (ECF No. 12) is GRANTED. In sum, Counts I and II are DISMISSED WITHOUT PREJUDICE and Counts III and IV are DISMISSED WITH PREJUDICE.

---

[1] This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiff's Complaint, and accepted as true for the purpose of Defendant's Motion to Dismiss.

Defendant Johns Hopkins University Applied Physics Laboratory, LLC ("APL"), hired Plaintiff Jaracus Copes in 2017 as a Senior Professional I/Instructional Designer to write the curriculum, train instructors, select students, and manage the program for APL's Science, Technology, Engineering, and Math Academy. (ECF No. 1 ¶¶ 11–13.) Copes is an African American man. (*Id.* ¶ 10.) His direct supervisor, Dwight Carr, was a black man. (*Id.* ¶ 14.) Copes alleges that he worked more than his non-African American colleagues due to higher expectations placed on him, resulting in imbalanced workflow. (*Id.* ¶¶ 18–21.) Copes alleges that he told Carr about these issues and was ignored. (*Id.* ¶ 20.) He also alleges that he told Carr he was interested in being promoted to the position of Senior Professional II, but he was denied promotion in 2019. (*Id.* ¶¶ 24, 26.) He met with Carr on March 9, 2020, to discuss promotion. (*Id.* ¶ 27.) Carr met with his own supervisor, Denise Hockensmith (a white female) in September 2020 to discuss potential promotions. (*Id.* ¶¶ 28, 15.)

In October 2020, Carr and Hockensmith met with Copes to discuss his alleged performance issues and advise that he was not being promoted. (*Id.* ¶¶ 29–30.) The following month, Copes told Hockensmith that Carr had spoken "to him in a demeaning manner on

numerous occasions." (*Id.* ¶ 33.) Hockensmith told Copes that he should contact APL's Equal Employment Opportunity ("EEO") officer with his concerns. (*Id.* ¶ 35.) In December 2020, APL issued Copes an Individual Improvement Plan and reiterated that he would not be promoted. (*Id.* ¶ 36.) That same month, Copes raised a hostile work environment claim with APL's EEO officer. (*Id.* ¶ 37.)

A month later, on January 29, 2021, Copes submitted a Notice of Voluntary Termination and submitted a formal Complaint of Discrimination to APL's EEO office. (*Id.* ¶ 40.) He alleges that he was replaced by "a less qualified, white female." (*Id.* ¶ 41.) He also alleges that in 2021 APL promoted "a white male with less qualifications, experience, responsibilities, or duties, to the position of Senior Professional II." (*Id.* ¶ 39.)

Copes's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleged violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. (*Id.* ¶ 7.) The EEOC declined to proceed with Copes's claim and issued him a Notice of Right to Sue on May 30, 2023. (*Id.*) On August 23, 2023, Copes filed his four-count Complaint in this Court. (ECF No. 1.) The four counts are as follows: race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 (Count I), race discrimination under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 ("MFEPA") (Count II), retaliation under Title VII and § 1981 (Count III), and retaliation under MFEPA (Count IV). APL thereafter moved to dismiss the Complaint. (ECF No. 12.) The matter is ripe for review.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th

Cir. 2011) (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). "[I]t is well established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Trimble*, 484 F.3d at 705).

## ANALYSIS

### I. Race Discrimination[2]

### A. Title VII (Count I)

Title VII of the Civil Rights Act of 1964 proscribes discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e 2(a)(1). Title VII claims may allege either direct or circumstantial evidence of discrimination. *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Id.* To survive a motion to dismiss, a claim for discrimination need not establish a prima facie case. *McCleary-Evans v. Md. DOT*, 780 F.3d 582, 584 (4th Cir. 2015) (citing *Coleman*, 626 F.3d at 191); *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). But such a claim must allege facts "'that plausibly state

---

[2] Although the Complaint lists Counts I and III as being brought under both Title VII and 42 U.S.C. § 1981, Plaintiff does not oppose APL's motion to dismiss his § 1981 claims. Because Plaintiff has failed to respond to these arguments and therefore abandoned his § 1981 claims, they are DISMISSED. *See Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (quoting *Coleman*, 626 F.3d at 190). In other words, the facts alleged must "support a *reasonable inference* that the decisionmakers were motivated by bias." *McCleary-Evans*, 780 F.3d at 586.

Copes presents no direct evidence of discrimination, and his allegations do not support a reasonable inference that the decisionmakers were motivated by bias. As an initial matter, Copes not only concedes but clearly alleges in the Complaint that he was admonished for missing deadlines and failing to communicate with students' parents. (ECF No. 1 ¶ 31.) Copes also clearly alleges that he was issued an Individual Improvement Plan in response to his alleged performance issues. (*Id.* ¶¶ 36, 29.) Copes's own allegations therefore undermine his claim that he was performing satisfactorily. Moreover, Copes's Complaint establishes that his direct supervisor—the principal alleged discriminator—was in the same protected class as him. As this Court and others have noted, this significantly undercuts a claim of race discrimination. *See, e.g.*, *Demesme v. Montgomery Cnty. Gov't*, 63 F. Supp. 2d 678, 683 (D. Md. 1999), *aff'd*, 208 F.3d 208 (4th Cir. 2000) ("The fact that the decision makers were of the same protected class suggests no discriminatory motivation."); *Coggins v. Gov't of D.C.*, No. 97-2263, 1999 WL 94655, at *4 (4th Cir. Feb. 19, 1999) (finding racial bias "unlikely" in a Title VII claim where the alleged discriminators were in the same protected class as the plaintiff); *Fletcher v. Philip Morris USA Inc.*, No. CIV.A.3:09CV284HEH, 2009 WL 2067807, at *7 (E.D. Va. July 14, 2009) (same).

Although Copes asserts that he was constructively discharged, he does not allege facts supporting such a claim. A claim for constructive discharge previously required a plaintiff to

6

prove deliberateness on the part of the employer, but "[t]he Supreme Court now has clearly articulated the standard for constructive discharge, requiring objective 'intolerability' — 'circumstances of discrimination so intolerable that a reasonable person would resign' — but not 'deliberateness,' or a subjective intent to force a resignation." *Chapman v. Oakland Living Ctr., Inc.*, 48 F.4th 222, 235 (4th Cir. 2022) (alteration in original) (citing *EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 144 (4th Cir. 2017)); *see also Green v. Brennan*, 578 U.S. 547 (2016). "Critically, difficult or unpleasant working conditions and denial of management positions, without more, are not so intolerable as to compel a reasonable person to resign." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 212 (4th Cir. 2019). Neither does "a feeling of being unfairly criticized" meet the intolerability standard. *Lauture v. Saint Agnes Hosp.*, 429 F. App'x 300, 307 (4th Cir. 2011) (quoting *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 187 (4th Cir. 2004)). The Fourth Circuit has previously "insisted that constructive discharge claims be 'carefully cabined' because the claim is 'so open to abuse.'" *Lauture*, 429 F. App'x at 308 (quoting *Honor*, 383 F.3d at 187).

Copes does not allege facts supporting working conditions so intolerable as to compel a reasonable person to resign. The Complaint repeatedly states that Carr harassed Copes, but it provides no specific examples or even minimal details as to this harassment. Moreover, even the general facts as alleged do not rise to the level of intolerable working conditions necessary to support a claim for constructive discharge. The Complaint states that Copes was criticized and demeaned by Carr, passed over for a promotion, and issued an Individual Improvement Plan. These facts do not indicate that Copes's working conditions were intolerable. Indeed, the facts as alleged support an alternative theory: APL attempted to encourage Copes's

improvement, but Copes instead quit of his own volition. These facts do not support a constructive discharge theory, which further undercuts Plaintiff's attempt to create a reasonable inference that the decisionmakers were motivated by bias.

All that remains of Copes's Title VII claim is conjecture and speculation. As the Fourth Circuit clarified in *McCleary-Evans*, a Title VII plaintiff must do more that simply allege actions that are "*consistent* with discrimination." 780 F.3d at 586. Instead, a plaintiff must allege facts supporting "a *reasonable inference* that the decisionmakers were motivated by bias." *Id.* In this case, as in *McCleary-Evans*, Plaintiff "can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." *Id.* In other words, the Complaint "stop[s] short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Complaint therefore does not support a reasonable inference that the decisionmakers were motivated by bias. Accordingly, Plaintiff's Title VII race discrimination claim (Count I) is DISMISSED WITHOUT PREJUDICE.[3]

**B. MFEPA (Count II)**

Copes also brings a claim for race discrimination under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 ("MFEPA"). MFEPA is "the State law analogue to the federal employment discrimination statutes." *See Ensor v. Jenkins*, No. ELH-20-1266, 2021 WL 1139760, at *18 (D. Md. Mar. 25, 2021). "Maryland courts 'traditionally

---

[3] Plaintiff may file an Amended Complaint within fifteen days of this Opinion, i.e., by July 31, 2024. Such an Amended Complaint may still be subject to dismissal by reason of repeated failure to cure deficiencies or futility of the amendment. *Harvey v. CNN, Inc.*, 520 F. Supp. 3d 693, 725 (D. Md. 2021) (citing *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)).

seek guidance from federal cases in interpreting [it].'" *Id.* (alteration in original) (quoting *Eubanks v. Mercy Med. Ctr., Inc.*, WDQ-15-512, 2015 WL 9255326, at *7 (D. Md. Dec. 17, 2015)); *see also Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007)). Accordingly, MFEPA adopts the same substantive standards and burden of proof as Title VII. *Limes v. American Fed'n of State Cnty. & Mun. Emps. Union (Local 2250)*, No. PX-19-03225, 2020 WL 1914806 at *2 (citing *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 498 n.2 (D. Md. 2019)). As noted above, Plaintiff fails to state a claim for race discrimination under Title VII, and he therefore also fails to do so under MFEPA. *See Hawkins v. Leggett*, 955 F. Supp. 2d 474, 496–97 (D. Md. 2013), *aff'd sub nom. In re Canarte*, 558 F. App'x 327 (4th Cir. 2014) (dismissing MFEPA racial discrimination claim based on the Court's prior analysis and dismissal of Title VII racial discrimination claim). Accordingly, Plaintiff's MFEPA race discrimination claim (Count II) is DISMISSED WITHOUT PREJUDICE.

## II.    Retaliation

### C.  Title VII (Count III)

As a precondition to the commencement of a Title VII action in court, a complainant must first file a charge with the EEOC. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 544 (2019) (citing 42 U.S.C. § 2000e-5(e)(1), (e)(1)). Upon receiving a charge, the EEOC must notify the employer and investigate the allegations. 42 U.S.C. § 2000e-5(b). If the EEOC concludes that there is no "reasonable cause to believe that the charge is true," Title VII directs the EEOC to dismiss the charge and notify the complainant of his right to sue in court. *Id.* § 2000e-5(b), f(1). This notice is commonly called a "right-to-sue letter." *See, e.g.*, *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006). A complainant has 90 days to file suit in federal or state court after

being notified of the right to sue. *Id.* § 2000e-5(f)(1). Federal courts may hear claims not presented to the EEOC so long as they are "reasonably related" to the plaintiff's EEOC charge "and can be expected to follow from a reasonable administrative investigation." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012) (quoting *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000)).

In this case, Plaintiff failed to exhaust his Title VII retaliation claim. In his charge of discrimination with the EEO, he indicated that his discrimination charge was based only on race, and he did not check the box for retaliation. (ECF No. 12-2 at 2.) There is nothing in his charge of discrimination to indicate the basis for a retaliation charge. He alleged only that "I believe I have been discriminated against due to my race (Black/African American), in violation of Title VII of the Civil Rights Act of 1964, as amended, with respect to promotion, terms and conditions, and constructive discharge." (*Id.* at 3.) The United States Court of Appeals for the Fourth Circuit has affirmed the dismissal of a retaliation claim where the plaintiff failed to "check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation." *Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005); *see also Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 (4th Cir. 2002) ("Administrative investigation of retaliation, and color and sex discrimination, however, could not reasonably be expected to occur in light of Bryant's sole charge of race discrimination, and the investigation of the complaint did not touch on any matters other than race discrimination."). Moreover, Plaintiff does not respond to APL's failure-to-exhaust argument. *See Prasad v. DeJoy*, No. CV RDB-18-3946, 2020 WL 5544194, at *6 (D. Md. Sept. 16, 2020) ("If timely raised by the defendant, a plaintiff's failure to exhaust administrative remedies warrants dismissal under

Rule 12(b)(6) of the Federal Rules.").

"[C]ourts have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies." *Plunkett v. Potter*, 751 F. Supp. 2d 807, 810 (D. Md. 2010) (citing *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 F. App'x 820, 824 (4th Cir. 2010); *see also Grant v. Baltimore Police Dep't*, No. CV RDB-21-2173, 2022 WL 1321593, at *5 (D. Md. May 3, 2022) (dismissing unexhausted Title VII claims with prejudice). Accordingly, Plaintiff's Title VII retaliation claim (Count III) is DISMISSED WITH PREJUDICE.

### D. MFEPA (Count IV)

The Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606 ("MFEPA"), requires a plaintiff to first file a timely administrative charge or complaint including "the particulars of the alleged discriminatory act" before bringing suit. *Id.* § 20-1004. A plaintiff may bring a civil MFEPA action where (1) "the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent;" (2) 180 days have passed since the filing of that charge or complaint; and (3) the civil action is filed within two years after the alleged discrimination occurred. *Id.* § 20-1013. As noted above, Plaintiff's EEO charge provides no indication of a retaliation claim. Accordingly, Plaintiff's MFEPA retaliation claim (Count IV) is DISMISSED WITH PREJUDICE. *See Grant v. Baltimore Police Dep't*, No. CV RDB-21-2173, 2022 WL 1321593, at *7 (D. Md. May 3, 2022) (dismissing unexhausted MFEPA claims with prejudice); *Ferguson v. Baltimore Police Dep't*, No. CV BPG-21-2502, 2022 WL 3447273, at *5 (D. Md. Aug. 16, 2022) (same).

## CONCLUSION

For foregoing reasons, it is this 16th day of July, 2024, ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 12) is GRANTED;

2. Counts I and II are DISMISSED WITHOUT PREJUDICE;

3. Counts III and IV are DISMISSED WITH PREJUDICE;

4. Plaintiff is GRANTED leave to file an Amended Complaint by July 31, 2024. If an Amended Complaint is not filed by that date, the Clerk of this Court is directed to CLOSE this case with DISMISSAL WITH PREJUDICE; and

5. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: July 16, 2024

_____
/s/

Richard D. Bennett
United States Senior District Judge